(40 Misc. Rep. 103.)

GIBSON v. GIBSON.

(Supreme Court, Special Term, New York County. February, 1903.)

1. DIVORCE—FINAL JUDGMENT.
    On an application under Code Civ. Proc. § 1774, for final judgment in divorce, which by such section is allowed to be made after three months from the entry of the interlocutory judgment, the date of the entry, and not that of the filing of the referee's report, establishes the day from which the three months are to be reckoned.

Action by Anne P. Gibson against Frederick J. Gibson. Application for final judgment in an action for absolute divorce. Denied.

John J. O'Connell, for plaintiff.

BLANCHARD, J. This is an application for final judgment in an action for an absolute divorce, pursuant to section 1774 of the Code. The issues were tried before a referee, whose report was filed November 3, 1902. An interlocutory judgment was signed by a justice of this court and received by the clerk of the part where the case was tried. The interlocutory judgment was not, however, filed with the clerk of the court; i. e., the county clerk. I have held that this was not a sufficient filing within the purview of this section of the Code. Rothstein v. Rothstein, 40 Misc. Rep. ——, 81 N. Y. Supp. 342. The proof required by rule 8 of the rules for the regulation of special terms in this department is not sufficient. The search of the county clerk was made from November 13, 1902, to February 14, 1903, evidently on the theory that the interlocutory judgment had been filed on November 13, 1902; but the application for final judgment, based on the filing of the interlocutory judgment, has been abandoned, and this application is now made on the theory that the three months has elapsed since the filing of the referee's report. The referee's report, however, was filed on November 3, 1902, and therefore a search which only commences on November 13, 1902, is insufficient. Disregarding, however, for the present, this deficiency in the proof required by the rules, which might easily be corrected, I have decided to pass upon the more important propositions urged by the applicant that the filing of the referee's report, and not the filing of the interlocutory judgment thereon, sets the three-months time running under section 1774 of the Code. I have reached the conclusion that the filing of the referee's report will not in itself set the time running, but that an interlocutory judgment is necessary. As this question has not been before passed upon, I have consulted with some of my associates, who agree with me in the conclusion reached. Section 1774 provides as follows:

"No final judgment annulling a marriage, or divorcing the parties and dissolving a marriage, shall be entered, * * * until after the expiration of three months after the filing of the decision of the court or report of the referee. After the expiration of said period of three months final judgment shall be entered as of course upon said decision or report, unless for sufficient cause the court in the meantime shall have otherwise ordered."

This part of the section would seem to uphold the contention of the applicant. The section, however, continues:

"Upon filing the decision of the court or report of the referee, a judgment annulling a marriage or divorcing the parties and dissolving a marriage. shall be interlocutory only and shall provide for the entry of final judgment granting such relief three months after the entry of interlocutory judgment unless otherwise ordered by the court."

This latter provision is somewhat inconsistent with that portion of the section first quoted, but must be given effect. It will be observed that it distinctly provides that the interlocutory judgment must be entered upon the referee's report, and that only three months thereafter should final judgment be entered. This application should, therefore, be denied, with leave to renew when three months shall have expired from the date of filing interlocutory judgment.

Application denied, with leave to renew when three months shall have expired from date of filing interlocutory judgment.