### ADAMS v. ADAMS.

(Supreme Court, Special Term, Ulster County. May 19, 1906.)

1. DIVORCE—EFFECT OF INTERLOCUTORY JUDGMENT.

Under Code Civ. Proc. § 1774, providing for an interlocutory judgment of divorce upon filing the decision of the court or referee, and that final judgment shall not be entered for three months thereafter, after the entry of the interlocutory judgment, and before absolute judgment of divorce, the marriage is not dissolved or annulled, and the status of the parties remains the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 514.]

2. SAME—RIGHT OF OFFENDING PARTY TO ABSOLUTE DECREE.

Code Civ. Proc. § 1774, provides that no final judgment annulling a marriage or granting a divorce shall be entered in certain cases until three months after filing the decision or report; that such decision or report must be filed and interlocutory judgment entered thereon within 15 days after the party becomes entitled thereto; and that within 30 days after the expiration of the 3 months final judgment shall be entered as of course, unless for sufficient cause the court has otherwise ordered. A wife obtained an interlocutory judgment for divorce, but failed to move for final judgment. Defendant, the offending party, on notice to plaintiff, moved within the 30 days to have final judgment entered. The wife opposed the motion, denied defendant's right to compel her to have it entered, and alleged that she desired to forego her legal rights in hopes of a reconciliation. Held, that an absolute judgment of divorce would not be entered without plaintiff's consent.

3. SAME—EFFECT OF STIPULATION IN LIEU OF ALIMONY.

Prior to the trial the parties had stipulated that defendant should deposit a certain sum, which plaintiff should have on entry of final decree of divorce, also for payment of certain expenses and a monthly allowance, and that defendant could withdraw the deposit if the final divorce was not entered by a certain time. Held, that defendant's property rights were not so adversely affected as to give him the right to demand the final decree of divorce, since it would not be presumed that the sums stipulated for support, etc., were different from what the court would have allowed, and

especially since the stipulation appeared to have contemplated the possibility of failure to take the final decree.

**4. SAME—DISCONTINUANCE.**

After interlocutory judgment of divorce for plaintiff, but before final judgment, plaintiff applied for leave to discontinue the action. Defendant opposed the application, and asked time to file affidavits, and for further hearing. *Held,* that the matter should be continued for determination, since the hearing might develop facts warranting the imposition of terms if the discontinuance was granted.

Action by Maud W. Adams against Frederick T. Adams for divorce. After interlocutory judgment for plaintiff, defendant applies for the entry of final judgment. Plaintiff resists the application, and asks to discontinue the action. Defendant's application denied. Application to discontinue continued.

Charles W. Ridgway, for plaintiff.

Eugene L. Bushe, for defendant.

BETTS, J. On or about December 20, 1905, the plaintiff commenced an action for an absolute divorce against the defendant upon statutory grounds. The defendant appeared and answered. Such proceedings were subsequently had therein that a referee was appointed, who reported in favor of the plaintiff, and on February 3, 1906, the usual interlocutory judgment of divorce in favor of the plaintiff was entered in this case; final judgment to be entered in three months, as provided by section 1774 of the Code of Civil Procedure. The plaintiff having after the expiration of said 3 months failed to move for the entry of a final judgment of divorce herein, to which she was entitled by the interlocutory decree, the defendant, the offending party, within the 30 days specified in the said section, now applies to the court on notice to the plaintiff to have the final decree entered in the terms provided for in the interlocutory decree. The plaintiff appears on this motion and opposes it. She bases her opposition on two grounds: First, that the right to apply for a final judgment herein is personal to herself, and that the defendant cannot in any event compel her to enter such a decree if she does not desire to; and, second, that at the time of the commencement of the action and during its pendency she was suffering great mental strain, due to the wrongdoing of the defendant, and that it appeared to her then that a divorce was the only alternative promising her some relief from a most painful situation; but that later, and prior to the time for the entry of the final judgment giving the relief which she at first desired, "with the clearer vision of calmer reflection, strengthened by the love she has had for her husband during all the 20 years of their married life, and recalling her marriage vow that death alone should sever the relation, she determined to forego her legal right herein, in the hope that that time might come when the defendant by his good conduct would justify her in forgiving his transgressions." As a result of this change on her part she is now opposed to absolute divorce, and has concluded not to continue the prosecution of this action, and not to apply for a final decree herein, and tenders her consent to the discontinuance of the action.

In view of this change in the position of the parties, the wife now not desiring to avail herself of the divorce which the law and the evidence produced by her gives her the right to, and the husband, the defendant, now seeking to compel her to take the divorce which she now declines, it is important to determine the present status of the parties before this court. Section 1774 of the Code provides:

"No final judgment annulling a marriage, or divorcing the parties and dissolving a marriage, shall be entered, in an action brought under either article first or article second of this title, until after the expiration of three months after the filing of the decision of the court or report of the referee. Such decision or report must be filed and interlocutory judgment thereon must be entered within fifteen days after the party becomes entitled to file or enter the same, and cannot be filed or entered after the expiration of said period of fifteen days unless by order of the court upon application and sufficient cause being shown for the delay. Within thirty days after the expiration of said period of three months final judgment shall be entered as of course upon said decision or report, unless for sufficient cause the court in the meantime shall have otherwise ordered. Upon filing the decision of the court or report of the referee, a judgment annulling a marriage or divorcing the parties and dissolving a marriage, shall be interlocutory only and shall provide for the entry of final judgment granting such relief three months after entry of interlocutory judgment unless otherwise ordered by the court. The final judgment must be entered within thirty days after the expiration of said period of three months and cannot be entered after the expiration of such period of thirty days except by order of the court on application and sufficient cause being shown for the delay."

As the law now stands, after the entry of the interlocutory judgment and before the entry of an absolute judgment for a divorce, the status of the parties remain the same. The marriage is not dissolved or annulled by the interlocutory judgment, and section 1774 has been so construed. Petit v. Petit, 45 Misc. Rep. 155–159, 91 N. Y. Supp. 979, affirmed as to that proposition in 105 App. Div. 312–313, 93 N. Y. Supp. 1001. To the same effect is Chase v. Webster, 168 Mass. 228–230, 46 N. E. 705, under a somewhat similar statute in Massachusetts, which provides for the entry of a judgment nisi, to be followed six months later by a judgment for a divorce absolute to be entered. So we have the situation presented here of an injured wife desiring not to avail herself of her full statutory rights, but in effect desiring to condone her erring husband's offense, trusting that time will effect a reconciliation. The question is thus squarely presented to the court whether the husband can compel his wife to take the divorce which his misconduct has put her in position to take if she so desires. Condonation is favored in the law. Galusha v. Galusha, 116 N. Y. 643, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453.

Subsequent to the commencement of the action, and prior, I think, to the answer herein, but at any rate prior to the trial, plaintiff and defendant entered into a stipulation, which has been carried out thus far. That stipulation is lengthy, but provides in substance that the defendant shall deposit $100,000, which his wife shall have on entry of a final valid decree of divorce herein in lieu of all alimony. This sum has been deposited. It also provides that a certain sum should be paid for expenses, and that a certain monthly allowance should be paid by the defendant to the plaintiff, both of which have been paid; the agreement being that no application should be made to the court for

alimony and counsel fees in any event, but that this stipulation should take the place of any provision that might be made in any decree herein or might be made by an order of the court. The defendant now claims that certain property rights of his under said stipulation would be adversely affected if the plaintiff should now be permitted to decline to take the final decree of divorce. It is not clear to the court that the defendant's rights are at all jeopardized, because the stipulation itself provides for this contingency by providing that if by September 1, 1906, no valid final decree of divorce should have been entered, the $100,000 should be returned to the defendant, or at least the defendant should not be required to maintain said deposit. The defendant in any event was required to support his wife pending the trial and determination of this action, and an allowance for temporary and permanent alimony and for counsel fee and costs in this action would have followed as a matter of course on the filing of the interlocutory judgment entered upon the report of the referee. The only question would be as to the amount. The court cannot assume that this defendant, entering into this stipulation without coercion from any mandate of the court, would be likely to stipulate to pay a larger sum in lieu of permanent alimony than the court upon a full investigation would determine fair and equitable; nor can it determine that the wife would be satisfied with a less sum than would be fair and just in any event, having given due consideration to the apparent position and standing of the parties. The court cannot say that the amount was either too large or too small, or that the sum paid per month was either too large or too small; so that it cannot be said upon the facts as they now appear that the plaintiff's financial rights will be injuriously affected by the failure of the plaintiff to take her final decree, which failure was provided for in the stipulation itself and apparently was in contemplation at least of one of the parties through all the proceedings of the case, else it would not appear in the stipulation.

It appearing, therefore, that the parties are still husband and wife; that the wife, innocent, is desirous of a reconciliation, if possible, hopeful that time will bring the same, and does not wish to avail herself of her statutory rights; that the husband, offending, is anxious to have his wife released from the marital bond—I am of the opinion that the decision of the court should be that the wife need not take her divorce unless she so wishes; that the guilty party should not be allowed to dictate to his innocent spouse her further procedure in this action. Therefore the order or decree applied for by the defendant is denied.

The plaintiff tenders a discontinuance of the action upon this motion. She has also obtained a separate order to show cause why the action should not be discontinued. From the views herein briefly set forth it would seem to follow that she might discontinue her action. The defendant, however, expressed a desire to be farther heard in the matter of the discontinuance and be allowed to file an affidavit in opposition thereto. It may be that the court, on seeing that affidavit, should, as now, feel disposed to grant a discontinuance of this action, though perhaps certain terms should be imposed which do not now occur to the court. The decision upon the application to discontinue is

therefore now withheld, and the defendant is given until the 25th day of August to file any affidavits or brief in opposition thereto which he may desire, and to serve at the same time copies of said affidavits and of said brief upon his opponent, who may have until August 31st to file an answering brief, if desired, and also an answering affidavit or affidavits, if new matter requiring answer is set forth in the affidavits of the defendant.