JEAN KENNER, Appellant, v. SOLOMON K. KENNER, Respondent.— Order reversed on the facts, without costs, and motion remitted to Special Term to take proof on the question of plaintiff's good faith. In our opinion, the entry of the final decree by the defendant was not authorized. (Adams v. Adams, 57 Misc. 150; Bishop v. Bishop, 82 id. 676; McVickar v. McVickar, 123 id. 644.) The question of plaintiff's good faith in desiring a reconciliation, as alleged in her affidavits, should not be determined on affidavits, but the Special Term should take proof on that subject. If it should determine that plaintiff is acting in good faith, the motion to vacate the final decree should be granted. Otherwise, it should be denied. If, however, the court grants plaintiff's motion and vacates the final decree, it should also vacate the interlocutory decree. Plaintiff may not have the benefit of the provisions of the interlocutory decree and refuse to enter the final decree. Under section 1176 of the Civil Practice Act, the court has power in a matrimonial action to enter or refuse to enter a final decree, according to the circumstances disclosed, and it may so enter the same, even against the desire of the plaintiff, if the facts shown warrant such course, in the interests of justice. Although a defendant may not himself enter the final decree, if plaintiff fails to do so, it is proper practice for the defendant to move on notice to compel its entry, and the court then has power to determine whether or not, under the circumstances, such decree should be entered. Lazansky, P. J., Young and Davis, JJ., concur;

Hagarty and Carswell, JJ., concur for reversal but dissent from the remission of the motion to Special Term and vote to vacate the judgment, with the following memorandum: The successful plaintiff has an absolute right to refrain from entering a final decree. The court is without power to compel her to do so if she decides to abandon her interlocutory decree and her right to enter a final decree thereon.