Ruth Cook Carr, Plaintiff, *v.* Earl B. Carr, Defendant.

Supreme Court, Chautauqua County, September 19, 1938.

*McDonough & Boasberg,* for the plaintiff.

*William S. Stearns,* for the defendant.

HINKLEY, J. Defendant moves to set aside a final judgment rendered and entered in the Chautauqua county clerk's office in the above-entitled action. Plaintiff brought this action for separation and defendant counterclaimed for divorce. Prior to the taking of testimony the defendant deposited with a bank, in accordance with an escrow agreement, the sum of $2,500. That sum was to be given in payment of alimony, counsel fees and all claims existing between the parties. The agreement provided that the money so deposited should be paid to plaintiff's attorney upon presentation to the bank of a certified copy of a final decree of divorce in this action, provided the same was presented within four months from April 20, 1938, which was the date of the agreement. The instrument further provided that "in case of non-presentation of the said decree or the non-granting of the said decree, then the said sum of $2,500 is to be returned to the defendant herein." On May 14, 1938, there was filed in the Chautauqua county clerk's office an interlocutory judgment which provided in part as follows: "It is hereby ordered, adjudged and decreed, that unless the court has otherwise ordered in the meantime, there shall be entered in this action three months after the filing of the decision herein and the entry of this interlocutory judgment, a final judgment in favor of the defendant and against the plaintiff dismissing the said separation action and dissolving the marriage relation heretofore existing between the parties hereto because of the adultery of the plaintiff."

Attention is called to the fact that the interlocutory judgment was not to become a final judgment as of course, but provided for the *entry* of a final judgment (Civ. Prac. Act, § 1176). It will become apparent that only six days after the three months' period for the entering of a final judgment the escrow agreement would terminate, resulting in the return of the deposit unless there had been a presentation to the bank of a certified copy of the final decree.

The three months' period expired on August 14, 1938, which was a Sunday. The final judgment upon the application of plaintiff's attorney was granted on Monday, August 15, 1938, and entered in the Chautauqua county clerk's office on Tuesday, August 16, 1938.

Defendant's motion rests upon two contentions: *First*, that the final judgment was premature, and, *second*, that plaintiff's attorney had no right to enter the same. There is no force to defendant's contention that the final judgment was premature, as even though it was granted on the last day of the three months' period it was not entered until after the expiration of that period.

Defendant's contention that plaintiff's counsel had no right to enter the final judgment presents a serious question. General language in the opinion of the courts in various cases is to the effect that a guilty party in a divorce action can never enter a final decree. (*Kenner* v. *Kenner*, 240 App. Div. 713; *Adams* v. *Adams*, 57 Misc. 150; *Bishop* v. *Bishop*, 82 id. 676; *McVickar* v. *McVickar*, 123 id. 644.) Two of these decisions were rendered prior to the amendment of the Code of Civil Procedure (Laws of 1919, chap. 277), which in the absence of special averments in the decision and interlocutory judgment rendered the entry of a final judgment unnecessary. The two remaining decisions follow the other two without perhaps serious consideration of the fact that it is now a common practice not to enter a final judgment. In each of the cases cited the innocent wife sought to maintain the marital status. Here the innocent husband and father seeks to vacate the final judgment and cotemporaneously to enter a final judgment himself. The question narrows itself down to a mere matter of procedure to accomplish the same end. There is no statutory requirement that the innocent party alone can enter a final judgment, even when one is provided for in the decision and interlocutory judgment. There is no statutory method of procedure in the event that the innocent party does not enter the final judgment. This is an instance where the court must regard substance rather than form, bearing in mind that the statements in opinions are often applicable solely to the case in hand. There is no force to the suggestion that better practice required that plaintiff's counsel apply to the court to compel defendant to enter the final judgment. For such method of procedure in this case with its accompanying delay might have deprived the plaintiff and her children of that sum of money by which defendant had relieved himself from his marital and natural obligations.

Counsel have made charges and countercharges against each other in the tenseness of litigation. The standings of both in the communities in which they live are of the highest. The court does not believe that defendant's counsel contemplated by trickery to deprive the plaintiff of the sum deposited in escrow, nor that plaintiff's counsel acted except with the best of intentions in the interest of his client.

Neither in the papers presented upon this motion nor in the argument was the attention of this court directed to the failure to include in the final judgment as entered a provision for the dismissal of the plaintiff's complaint.

Motion of defendant is denied, with ten dollars costs, and such order shall further provide that the final judgment entered herein on the 16th day of August, 1938, be amended by adding thereto an appropriate provision dismissing the plaintiff's complaint as provided for in the interlocutory judgment.