LOIS E. POWELL, Plaintiff, *v.* IRA G. POWELL, Defendant.

Supreme Court, Special Term, Niagara County, November 28, 1952.

*Gervase Rohney* for plaintiff.

*John F. McNulty* for defendant.

VANDERMEULEN, J. Plaintiff and defendant were married at Alexandria, Virginia, on July 3, 1939, and resided together as husband and wife until on or about July 9, 1952. In 1938 defendant's wife by a former marriage, Helen Elizabeth Powell, brought an action for divorce against defendant. The case was tried before the Hon. JOHN V. MALONEY, Justice of the Supreme Court, who signed an interlocutory decree of divorce on the 29th day of December, 1938, which decree provided that the same should become the final judgment as of course three months after the filing thereof.

The interlocutory decree of divorce, through mistake and inadvertence, was not filed in the County Clerk's office of Niagara County until on or about December 5, 1944. By an order of Justice GOLD it was filed *nunc pro tunc* as of December 29, 1938, pursuant to section 1175 of the Civil Practice Act, and the judgment became final three months thereafter, the date being March 29, 1939.

It is conceded that all things necessary for a valid divorce between the defendant and his first wife were done and all proceedings were had except the procedural act of the filing in the County Clerk's office of the decree which had been signed by the court granting the divorce.

The plaintiff brings an action for an annulment of her marriage with defendant on the ground that the order of Justice GOLD was and is of no validity, and that therefore the defendant married the plaintiff when he had a wife by a former marriage still living. Section 6 of the Domestic Relations Law provides that a marriage is absolutely void if contracted by a person whose wife by a former marriage is living, unless such former marriage has been dissolved. That the defendant's former wife was living at the time when the defendant married the plaintiff as alleged in the complaint is admitted by the parties.

This court is fully aware of section 1143 of the Civil Practice Act and rule 283 of the Rules of Civil Practice which provide, in substance, that judgments of course, by default or upon the pleadings, without proof of the facts, cannot be taken in matrimonial actions. However, this motion presents nothing factually controversial. The admitted facts are briefly: the marriage of plaintiff and defendant, the divorce of defendant from his former wife, and the order of Justice GOLD directing the filing of an interlocutory decree of divorce *nunc pro tunc* as of Decem-

ber 29, 1938, and whereby the said judgment became final March 29, 1939.

The sole question to be determined on this motion is whether or not the facts alleged in the pleadings lead to the legal conclusion that such former marriage of the defendant was dissolved. Therefore, the question as to the existence or non-existence of the defendant's former marriage at the time when the defendant married the plaintiff becomes a question of law only. This being so, section 1143 of the Civil Practice Act and rule 283 of the Rules of Civil Practice have no application.

Section 476 of the Civil Practice Act provides as follows: " Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of action or appeal, if warranted by the pleadings or the admissions of a party or parties; and judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require."

Rule 112 of the Rules of Civil Practice provides: " If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion."

A motion for judgment on the pleadings requires the court to examine all of the pleadings, and not merely to examine the pleading which is attacked. Under the last clause of rule 112, the court has authority to grant a judgment on the pleadings against the plaintiff if the plaintiff's complaint be defective or insufficient even though the plaintiff is the party who made the motion and even though the defendant has not made a cross motion for judgment on the pleadings. In a number of cases the courts have used this statutory authority to render judgment on the pleadings against the moving party. One in particular is the case of *Holy Sepulchre Cemetery* v. *Town of Greece* (191 Misc. 241 [1947], affd. 273 App. Div. 942, 4th Dept.). This case involved a motion by the plaintiff for a judgment on the pleadings and the court, upon examination of the pleadings, granted an order dismissing five of the causes of action alleged in the complaint.

The pertinent facts have heretofore been recited. It is to be assumed that all these facts are true. Do these facts sufficiently constitute a cause of action entitling the plaintiff to a decision declaring the marriage of July 3, 1939, void, thus paving the way for a judgment annulling her marriage to the defendant unless the order of Justice Gold permitting the filing of the interlocutory judgment is valid and effective?

Section 1175 of the Civil Practice Act provides, in part, as follows: "In an action brought for judgment annulling a marriage, or divorcing the parties and dissolving a marriage, the decision of the court or report of the referee must be filed and interlocutory judgment thereon must be entered within fifteen days after the party becomes entitled to file or enter the same, and cannot be filed or entered after the expiration of said period of fifteen days unless by order of the court upon application and sufficient cause being shown for the delay."

The interlocutory judgment of divorce granted to Helen Elizabeth Powell by Justice MALONEY on or about December 27, 1938, should have been filed and entered within fifteen days after that date, but the court had authority upon application to make an order excusing the delay and permitting filing of the interlocutory judgment after expiration of the fifteen-day period.

Plaintiff claims that the defendant, Ira George Powell, had no standing in the action to have the judgment filed and cites two cases to uphold her contention, viz., *Adams* v. *Adams* (57 Misc. 150); *Kenner* v. *Kenner* (240 App. Div. 713). Apparently the courts in those cases were of the opinion that only the successful party in a divorce action should have control over the subsequent proceedings therein, and should be free to withhold entry of final judgment if he or she saw fit. This does not seem reasonable. I am of the opinion that the ultimate extent to which that could be carried might afford some basis for the successful party in a divorce action (Helen Elizabeth Powell) to question the propriety of a judgment entered upon the application of the unsuccessful party. The Trial Justice decided contrary to these cases in *Carr* v. *Carr* (168 Misc. 939), wherein he held that the unsuccessful party in a divorce action could apply for final judgment; and in the recent case of *Johnson* v. *Johnson* (198 Misc. 691) the court permitted a person who was not a party to the action (the second wife of the unsuccessful party) to apply for an order amending the final judgment of divorce *nunc pro tunc*.

The attorney for the plaintiff further claims that the interlocutory divorce judgment could be granted only upon a showing of sufficient cause and that there was not sufficient cause shown. I am of the opinion that the affidavit shows sufficient cause for the delay in the failure to file and enter the interlocutory decree of divorce. Furthermore, I question whether this court can now consider the court's determination made at that time.

I believe this court is limited to a determination as to whether Justice GOLD had jurisdiction or legal authority to grant the motion and cannot reconsider or review, as on an appeal, the propriety of the order.

Most important is whether the court had authority at that time to order the entry of the interlocutory judgment *nunc pro tunc*. The Court of Appeals rendered a decision in the case of *Merrick* v. *Merrick* (266 N. Y. 120) which apparently is the leading authority on the subject. The defendant wife in that case had been divorced in 1920, the decree forbidding her remarriage during her husband's life. The court granting the divorce had authority under section 8 of the Domestic Relations Law to modify the decree after three years to permit the defendant's remarriage, but the defendant without obtaining such modification, married one Bartlett. Bartlett sued defendant for an annulment. During the pendency of that annulment action in 1933, the defendant secured an order in Special Term permitting her remarriage *nunc pro tunc* as of November 16, 1925. The Court of Appeals reversed this order granting *nunc pro tunc* permission to remarry, saying in its decision (pp. 122–123): '' When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination. It cannot record a fact as of a prior date when the fact did not then exist. \* \* \* An order may not be made *nunc pro tunc* which will supply a jurisdictional defect by requiring something to be done which has not been done. \* \* \* The validity of a marriage by respondent with appellant in November, 1925, depended upon a previous modification \* \* \* of the decree \* \* \* and no such modification had been made. New rights, arising out of a matrimonial relationship cannot be created by a judicial determination in 1933 concerning an assumed fact which concededly did not exist in 1925 and the existence of which was an essential element of a lawful marriage.''

As I interpret the decision in the above-cited case, it means that if the court has not made a ruling or a judicial determination at a particular time, then such ruling or determination cannot be made *nunc pro tunc* as of that time; but that if the court has in fact made a ruling or judicial determination, the order or judgment may subsequently be entered *nunc pro tunc* as of the date of ruling or determination. Applying such a rule

to the facts in this case, as set forth in the complaint, it would seem to mean that Justice GOLD had authority to order the *nunc pro tunc* filing and entry of the interlocutory judgment of divorce which had actually been granted to Helen Elizabeth Powell in 1938. Since the court had judicially determined by interlocutory judgment in 1938 that Helen Elizabeth Powell be divorced from the defendant three months after entry of its determination, and since the only thing lacking in 1944 was the proper evidencing of such judgment in the public records, the court could at a later date direct the filing and entry of such judgment to take effect *nunc pro tunc* as of its date.

In *Mohrmann* v. *Kob* (291 N. Y. 181, 186) the Court of Appeals again said: " ' While a court may record an existing fact *nunc pro tunc*, it cannot record a fact as of a prior date when it did not then exist.' "

In the case of *Jackman* v. *Jackman* (258 App. Div. 838) an interlocutory judgment of divorce dated March 6, 1937, and actually entered on March 12, 1937, was ordered re-entered *nunc pro tunc* as of March 6, 1937.

In *Monacchio* v. *Monacchio* (247 App. Div. 810) the court held under the authority of *Merrick* v. *Merrick* (266 N. Y. 120, *supra*) that a final judgment of divorce which had been signed on October 20, 1931, but not filed, could be filed *nunc pro tunc* as of that date, saying (p. 811): " Here the court, in fact, determined that plaintiff was entitled to a final decree and signed it. The failure to enter the final decree did not make it void, but was an irregularity which the court had the power to cure."

The action between the defendant and his former wife was judicially determined on the merits. Why should such a determination be subsequently declared to be of no force and effect simply because the attorneys who represented the respective parties failed to perform the procedural acts required by the Civil Practice Act necessary to evidence the decision of the court?

Under the order of Justice GOLD the interlocutory judgment became final as of course three months thereafter or on March 29, 1939. The marriage between Helen Elizabeth Powell and defendant thereby became dissolved on that later date. Consequently, the defendant had no wife living at the time he married the plaintiff, Lois E. Powell, on July 3, 1939.

As to the plaintiff's claim that the interlocutory judgment was void by reason of the fact that it was filed without being accompanied by an affidavit showing that the defendant was

not in the military service of the United States, such is without merit. As I understand it, the right under section 303 of the Military Law is personal to the defendant.

Judgment may be entered in favor of the defendant dismissing the complaint of the plaintiff herein.