THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. STEPHEN B. MOSKAL, Respondent.

Fourth Department, December 23, 1959.

Louis J. Lefkowitz, Attorney-General (Ruth K. Toch and Paxton Blair of counsel), for appellant.

John I. O'Day and Crucian S. Messina for respondent.

Per Curiam. In this action the Attorney-General demands judgment declaring that defendant, a member of the Common Council of the City of Buffalo, has forfeited his office and is disqualified from holding public office for a period of five years by reason of his purported refusal to sign a waiver of immunity concerning conduct of his office and performance of his duties while District Councilman for two terms from 1950 to 1953 inclusive, Councilman-at-Large from 1954 to 1957 and his incumbent office of District Councilman commencing January 1, 1958.

Defendant expressed a willingness to sign a waiver without reservation for the period from January 1, 1958 to date, but declined to sign a waiver for any period prior to that time. The substance of his position on this appeal is that each of the offices which he held prior to his present office of District Councilman, starting in 1958, were separate and distinct offices and that he was not required to submit to interrogation by the Grand Jury in connection with his conduct while in those prior offices. The denial by Special Term of plaintiff's motion is predicated on its conclusion that it was without power to take judicial notice of the applicable provisions of the Charter of the City of Buffalo relating to these offices and that questions of fact were raised by denials in the answer which impelled denial of the motion.

We are not in accord with the determination thus reached. The Buffalo City Charter is a proper subject for judicial notice and should have been considered by Special Term on a motion of this character (Schuster v. City of New York, 207 Misc. 1102, 1115, affd. 286 App. Div. 389, revd. on other grounds 5 N Y 2d 75; Howard Stores Corp. v. Pope, 1 N Y 2d 110, 115; Pfleuger v. Pfleuger, 304 N. Y. 148; 3 Carmody-Wait, New York

Practice, § 50, p. 447; 31 C. J. S., Evidence, § 16, p. 525; Ninth Annual Report of N. Y. Judicial Council, 1943, p. 287; see, also, *Chase-Hibbard Milling Co.* v. *City of Elmira,* 207 N. Y. 460, 465; City Home Rule Law, § 32). We believe that under the Buffalo City Charter the offices of District Councilman and Councilman-at-Large are separate and distinct. The waiver demanded from him was an omnibus one covering two entirely different offices. Section 22 which controls the eligibility of councilmen for re-election is of significance here. A District Councilman may be elected for only two successive terms of office or a total of four years. A Councilman-at-Large is ineligible for re-election after one four-year term. However, after serving two terms as District Councilman, he may be elected to the office of Councilman-at-Large. See, also, section 25 of the charter which provides for different qualifications and methods in the filling of vacancies in the office of District Councilman as distinguished from the office of Councilman-at-Large.

We have here involved construction of section 6 of article I of the New York State Constitution as it existed at the time of the institution of the present action, and particularly that part which concerns " the conduct of his office or the performance of his official duties ". Unlike *Matter of Newman* v. *Strobel* (236 App. Div. 371) there is not involved here the question of successive terms in the same office. (See, also, *Matter of Becher* v. *Case,* 243 App. Div. 375; see, generally, 138 A. L. R. 753 *et seq.*) Nor do we believe *Canteline* v. *McClellan* (282 N. Y. 166) is applicable, where the problem there involved was whether under New York State Constitution (art. I, § 6) the waiver required must be limited to acts subsequent to the effective date, January 1, 1939.

We are of the opinion that *People* v. *Doyle* (286 App. Div. 276, affd. 1 N Y 2d 732) is controlling. In construing the same article and section of the State Constitution the court there held at page 278:

" We read the constitutional words as applying to the office presently occupied; and we think that the words do not mean that an officer can be removed from one public office for refusing to sign a waiver of immunity relating to an office previously but no longer held by him. The appearance before the Grand Jury by 'any public officer' is in the character of the office he occupies. The words ' conduct of his office ' and performance of ' his official duties ' used in immediate context refer to the public office then occupied.

" The disqualification from holding a later public office is a result only of a failure to waive immunity and testify con-

cerning the office held at the time of inquiry; and historically this consequent future disqualification related to and was intended to correct the special kind of situation considered in *People* v. *Harris* (294 N. Y. 424).''

Within the rule thus enunciated it was not incumbent upon the defendant to sign the waiver demanded. Under these circumstances, quite apart from any procedural question, the defendant was entitled to judgment on the pleadings dismissing the complaint. It is specifically provided under rule 112 of the Rules of Civil Practice that if either party be entitled to judgment on the pleadings the court may give judgment accordingly without regard to which party makes the motion (*Latterman* v. *Guardian Life Ins. Co.*, 7 N. Y. S. 2d 922, affd. 255 App. Div. 768; *Powell* v. *Powell,* 202 Misc. 981; *Rose* v. *New Rochelle,* 19 Misc 2d 599; 48 A. L. R. 2d 1183, 1185).

It may be appropriate to direct attention to the amendment of the New York State Constitution approved at the general election of November, 1959 under which the defendant may be required to waive immunity with respect to his conduct in any office held within the preceding five years. In this connection, compare *Canteline* v. *McClellan* (282 N. Y. 166, *supra*).

The order should be reversed, plaintiff's motion denied, and defendant should be granted judgment dismissing the complaint.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.·

Order reversed on the law, with $10 costs and disbursements, plaintiff's motion denied, and defendant granted judgment dismissing the complaint.