Daniel E. Macken, J.
This action for divorce was reached for trial before this court at the December 1964 Term. Following the impanelment of a jury to determine the issue of adultery, extensive negotiations were had between counsel for the parties. Upon arriving at an agreement on terms of custody and support provisions, the defendant withdrew his answer and plaintiff presented her proof. At the conclusion of the proof, the court stated that a decree of divorce might be entered and a stipulation as to the terms of custody and support provisions was placed in the record in the presence of both parties, and both parties in open court stated that the terms were agreeable to them.
*363 Although not set forth in defendant’s affidavit, it was conceded upon the argument that following the granting of the decree, plaintiff’s then attorney submitted a draft of proposed findings of fact and conclusions of law together with a copy of proposed decree to defendant’s attorney for approval. These were approved, initialed and returned to plaintiff’s attorney, and defendant began making payments of alimony and support pursuant to the agreed terms. Thereafter, plaintiff directed her then attorney not to enter the decree, discharged him, and secured her present counsel.
Upon the argument of the present motion, plaintiff submitted no affidavit and her counsel made no claim that the plaintiff desired to discontinue the action, condone the defendant’s conduct, or effect a reconciliation. All I could gather from the argument is that the plaintiff is now dissatisfied with the support provisions to which she had previously agreed.
No case in this State has come to my attention in which the guilty party has been permitted to enter an interlocutory decree of divorce. Prior to the amendment of section 1176 of the Civil Practice Act eliminating the provision for entry of a final decree following the entry of an interlocutory decree, it seems to have been held that, in the absence of good faith on the part of the plaintiff in refusing to enter a final decree, an order might be made on application of the defendant compelling the plaintiff to enter such a decree. (Kenner v. Kenner, 240 App. Div. 713.)
While it may be that the guilty party to a divorce action is entitled to little consideration from the court, the innocent party may not invoke the processes of the court and then capriciously disregard its judgment. The defendant has incurred legal expense, abandoned his right to defend the action, and the action is now suspended in midair, neither abandoned nor concluded.
The decree sought to be entered is interlocutory and if there be a valid reason why it should not become final, procedures are available to plaintiff during the interlocutory period to prevent it. If the support provisions prove inadequate or unjust, the plaintiff may always apply for modification.
In view of plaintiff’s present position, I see no reason for pursuing the circuitous route of entering an order compelling her to enter the decree, I can only construe the language in Kenner v, Kenner (supra) that “ a defendant may not himself enter the final decree ” to mean that he may not do so unless the court so directs ‘ ‘ if the facts shown warrant such course, in the interests of justice ”. (Carr v. Carr, 168 Misc. 939, 941.)
*364 An order may be entered permitting the defendant to present for signature and enter the proposed findings of fact, conclusions of law and decree, within 10 days after service of a copy of the order to be entered. It may be here noted that upon the argument no contention was made that the proposed findings and decree do not conform with the stipulation.