■ DORIS V. HAYDEN, Appellant, v. FRANCIS E. HAYDEN, Respondent.— Judgment modified by striking the alimony provision therefrom and matter remitted to Onondaga Trial and Special Term for a new trial on the issue of alimony. Finding of fact number 9 disapproved and reversed. Order for temporary alimony reinstated pending determination of permanent alimony. Otherwise, the judgment is affirmed, without costs of this appeal to either party. Memorandum: Plaintiff appeals from an interlocutory judgment of Onondaga Trial and Special Term which granted her an absolute divorce and alimony. The judgment and the court's written decision consisting of findings of fact and conclusions of law were prepared by defendant's attorney after plaintiff's attorney had failed to prepare them. They were consistent with the oral decision announced by the court at the trial and in our opinion they are valid. (CPLR 4213, 5011, 5016; 7 Carmody-Wait, New York Practice, pp. 327, 328; *Clapp* v. *Hawley,* 97 N. Y. 610; *Cornell* v. *Cornell,* 7 N Y 2d 164, 168; *Kenner* v. *Kenner,* 240 App. Div. 713; *Dailey* v. *Northern N. Y. Utilities,* 129 Misc. 183; *Herzog* v. *Herzog,* 46 Misc 2d 362.) The judgment insofar as it grants plaintiff a divorce is sufficiently supported by the evidence, and should be affirmed. The alimony provision of the judgment, however, lacks support in the record. There was no proof of plaintiff's needs or of defendant's financial ability to pay an amount sufficient to satisfy them. After the discussion off the record with the attorneys for the parties and after the court had been informed that plaintiff was very emotionally upset the following proceedings occurred in the court's chambers with the court and the attorneys, but not the parties, present: " The Court: Well, you lawyers want to put a stipulation on the record as far as the attorneys are concerned? Mr. Manes: What has been proposed, we will come back in and report. Is that what the Court has in mind? I have got to convince her and have her O.K. it. * * * The Court: I am going to find in favor of the plaintiff and grant the decree of divorce, and I, am going to award her — as I understand, it is agreed in behalf of you, Mr. Manes, and in behalf of your man and yourself, Mr. Pomeranz, that she shall have the house which we have discussed here and your man will pay her $35.00 a week." The testimony and arguments were then concluded and the case was finally submitted (4 Weinstein-Korn-Miller, N. Y. Civ. Prac. Act, par. 4213.03). This record which fails to show that the parties themselves consented to the alimony provision (cf. *Herzog* v. *Herzog,* 46 Misc 2d 362, *supra*) is insufficient to support that provision of the judgment. A new trial should, therefore, be granted on the issue of alimony. The order which granted temporary alimony should be reinstated pending determination of permanent alimony. All concur, except Williams, P. J. and Bastow, J., who dissent, in the following Memorandum: We are unable to agree with the basic premise of the majority that this case was ever " submitted " to the trial court. Briefly stated, this is what took place at the so-called trial. Two private detectives gave testimony from which it might have been found that defendant husband had committed acts of adultery. At the conclusion of plaintiff's case, the husband testified and hotly denied that he had ever been intimate with the named corespondent. As his cross-examination was about to commence the court

announced the noon recess. The cross-examination was never resumed or completed. It may be inferred (although the record is silent) that during this recess settlement negotiations were carried on among the Trial Judge and respective counsel — if an action for divorce may be "settled". When the negotiators returned to the record plaintiff wife was not present in chambers but outside in the corridor in a semi-hysterical condition. The Judge first said "maybe I better not grant her a divorce until she gets calmed down" but in the next breath announced that he was granting a decree of divorce. In spite of the *ipse dixit* of the majority that the case had been "submitted" it is apparent (as the majority finds) that there was no proof before the trial court to justify the weekly alimony as fixed. The appellant wife, showing her distaste for these negotiations carried on and decisions made in her absence, discharged her attorney and refused to submit a proposed decree. Defendant husband (whom we last found in the witness chair indignantly denying the allegation of adultery) moved for permission to enter a decree dissolving the marriage upon factual findings that possibly made him guilty of perjury in denying under oath that he had committed adultery. Plaintiff objected and in her opposing affidavit and testimony — at hearings subsequently held — requested that she be permitted to discontinue the action for absolute divorce and substitute one for a separation. This application was never passed upon by the trial court. Instead it found that plaintiff is not submitting findings and a proposed decree and "in opposing the application of the defendant for permission to enter up an interlocutory judgment * * * [had] acted capriciously". The court directed the husband to enter a decree giving his wife (and himself) a divorce that the wife did not want. The majority, as stated, avoids all this by concluding that the case had been submitted for decision. CPLR 3217 provides, of course, that after such a submission an action may be discontinued only on stipulation of all parties. Prior thereto discontinuance may be permitted in the discretion of the court. We start with the obvious fact that the wife, as the party wronged, had a right to change her mind about an absolute divorce. Moreover, the husband, thoroughly discredited, if not a perjurer, had no vested right to a severance of the bonds of matrimony so that he could lawfully return to the correspondent. Minimally, the wife was entitled to have this issue passed upon. It has not been, and never will be because the majority holds that the case had been "submitted". Its decision, however, returning the case for "A new trial * * * on the issue of alimony" (but not disposition of the jointly owned New York and Florida residences) speaks louder than anything we might say to establish that the evidence was never closed and the issues submitted. Instead the trial court and defense counsel ran roughshod over the absent plaintiff and her weakly protesting counsel as if the husband were the party to be vindicated in the uneven encounter. The decree, findings of fact, and conclusions of law should be reversed and the case remanded for another Justice to pass on plaintiff's application to discontinue the action. (Appeal from interlocutory judgment of divorce of Onondaga Trial Term.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.