WILLIAM H. MERRICK, Plaintiff, *v.* ELIZABETH MERRICK, Respondent; GEORGE F. BARTLETT, Appellant.

(Argued November 20, 1934; decided December 31, 1934.)

*Edgar F. Hazleton, G. W. N. Wieboldt* and *V. H. Kalenderian* for appellant. The court as a matter of law did not have the power to enter the order made herein. (*Jewett* v. *Schmidt,* 108 App. Div. 322; *Cox* v. *Gress,* 51 Ark. 224; *City of Grand Rapids* v. *Coit,* 151 Mich. 109; *Southern Pacific Co.* v. *Pendee,* 14 Ariz. 573; *Chariton & Lucas County Nat. Bank* v. *Taylor,* 240 N. W. Rep. 740; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. R. Co.,* 160 N. Y. 1; *Rosenblum* v. *Higgins,* 240 App. Div. 131.)

*Irving Lubroth* and *Howard A. Newman* for respondent. Modification of the judgment of divorce *nunc pro tunc* was within the power of the Supreme Court. (*Van Voorhis* v. *Brintnall,* 86 N. Y. 18; *Matter of Wadsworth,* 100 Misc. Rep. 439.)

O'BRIEN, J. Respondent Elizabeth Merrick was the wife of William H. Merrick and in the year 1920 he obtained against her in this State a decree of absolute divorce. That decree forbade her to remarry during Merrick's life. Power resided in the court, after the lapse

of three years from the rendition of the decree, to modify the judgment upon proof of defendant's good conduct subsequent to the dissolution of the marriage (Dom. Rel. Law [Cons. Laws, ch. 14], § 8, as amd. by Laws 1919, ch. 265), but, without procuring such a modification, respondent in 1925, during the lifetime of Merrick, married appellant George F. Bartlett. The conclusion is justified that her omission was due merely to ignorance of the law.

Bartlett instituted an action to annul his marriage with respondent upon the ground that it was void by reason of the decree forbidding remarriage and upon the additional ground that he had fraudulently been induced to marry respondent by her misrepresentation that she had been plaintiff in the divorce action. During the pendency of the annulment action in May, 1933, respondent moved at Special Term for an order *nunc pro tunc* as of November 16, 1925, permitting her marriage with Bartlett and on June 16, 1933, her motion was granted.

Irregularity in procedure may, of course, be corrected by orders *nunc pro tunc*. (*Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y. 402.) When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination. It cannot record a fact as of a prior date when the fact did not then exist. (*Guarantee Trust Co.* v. *Philadelphia, Reading & N. E. R. R. Co.*, 160 N. Y. 1, 7.) An order may not be made *nunc pro tunc* which will supply a jurisdictional defect by requiring something to be done which has not been done. (*Stock* v. *Mann*, 255 N. Y. 100, 103.)

The validity of a marriage by respondent with appellant in November, 1925, depended upon a previous modification by the Supreme Court of the decree in Merrick v. Merrick, and no such modification had been

made. New rights, arising out of a matrimonial relationship, cannot be created by a judicial declaration in 1933 concerning an assumed fact which concededly did not exist in 1925 and the existence of which was an essential element of a lawful marriage.

The order of the Appellate Division and that of the Special Term should be reversed, without costs, the motion denied, the first, second and third questions answered in the negative and the fourth question not answered.

CRANE, J. (dissenting). The fact of the woman's previous good conduct did exist in 1925 and prior thereto, so that I think the court was justified in giving consent as of that date.

POUND, Ch. J., LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur with O'BRIEN, J.; CRANE, J., dissents in memorandum.

Ordered accordingly.