In the Matter of the Estate of MARGHERITA FRESEGNA, Deceased.

Surrogate's Court, New York County, July 2, 1936.

*Angelo A. Corcillo*, for the petitioner.

*B. Leo Schwarz*, for the respondent.

DELEHANTY, S. Petitioner asks revocation of letters of administration issued to a daughter of deceased, asserting that he is the surviving spouse. He bases his claim of status upon a common-law

relationship. Petitioner had been married previously and two children were the issue of that marriage. Having sent his wife abroad with his two children, petitioner entered into a ceremonial marriage with deceased. Because of the bigamy so committed petitioner was convicted and served a term in prison. While in prison his wife obtained in this State an absolute divorce based upon the relations between petitioner and deceased following the bigamous marriage. After release from prison petitioner and deceased cohabited in this State and it is that cohabitation upon which petitioner bases his claim of a marital relationship.

Section 8 of the Domestic Relations Law provides that " a defendant for whose adultery the judgment of divorce has been granted in this State may not marry again during the lifetime of the complainant, unless the court in which the judgment of divorce was rendered shall in that respect modify such judgment." The section contains limitations upon the power of the court to make the modification and one such limitation is the requirement of proof " that the conduct of the defendant since the dissolution of said marriage has been uniformly good."

The claim here is of marriage in the State of New York. The statute declares the public policy of the State to forbid remarriage of a person whose innocent former spouse still lives. Here the former wife of petitioner is living. The resumption of relationship by petitioner with deceased after petitioner's release from prison was a violation of the prohibition of the Domestic Relations Law. It was conduct which must be held to be bad because of the prohibition in the statute. The relationship so resumed must be held to have been meretricious just as the marriage was held to be bigamous. It follows of course that petitioner could not have validly entered into a marital relationship with deceased in this State and so he never acquired the status upon which alone his petition rests. (*Merrick* v. *Merrick*, 266 N. Y. 120; *People* v. *Faber*, 92 id. 146; *Haviland* v. *Halstead*, 34 id. 643; *Cropsey* v. *Ogden*, 11 id. 228.)

The application to revoke letters is denied.