MARIA TERESA ANTOINETTE HOMOLA, Respondent, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, Impleaded with IRVIN F. DILLON, as Temporary Administrator, etc., of EUGENE SCHAAF-REGELMAN, Deceased, Appellant.

First Department, October 27, 1939.

*Edward Gluck* of counsel [*Alton W. Teale* with him on the brief; *Emanuel Goldstein*, attorney], for the appellant.

*Louis Bennett*, for the plaintiff-respondent.

*Stuart H. Steinbrink* of counsel [*George N. Hamlin* with him on the brief; *Mudge, Stern, Williams & Tucker*, attorneys], for the defendant-respondent.

TOWNLEY, J. Plaintiff brought this action against the Chase National Bank to recover possession of a stock certificate for one hundred shares of the capital stock of Regelman Realty Company, Inc., standing in the name of a nominee of the bank. This certificate was originally deposited with the bank by the deceased, Eugene Schaaf-Regelman, as collateral security for a loan which the bank

had made to the deceased. Prior to the commencement of this action and after the death of Schaaf-Regelman, the loan was paid in full. Before the institution of this action, both plaintiff and the temporary administrator claimed ownership of the stock certificate. The bank refused to deliver possession to either claimant. The plaintiff then sued the bank. The administrator moved to intervene and by stipulation he was made a party defendant. Plaintiff thereupon served an amended complaint upon the bank and the administrator. The administrator by his answer asserted a cross-claim or counterclaim against the bank asking that he be declared the owner of the certificate. The bank has no interest in the litigation.

After the temporary administrator had intervened in the action, he discovered that neither he nor the plaintiff had complied with section 127 of the Surrogate's Court Act. In so far as pertinent, this act provides: "General powers of temporary administrator. A temporary administrator, appointed as prescribed in this article, has authority to take into his possession personal property; to secure and preserve it; and to collect choses in action; and, for either of these purposes, or for the purpose of determining the title to personal property in his possession, he may maintain any action or special proceeding. An action may be maintained against him, by leave of the surrogate, upon a debt of the decedent, or of the absentee whom he represents, or upon any cause of action to which the decedent or absentee would have been a party in like manner and with like effect as if he were an administrator-in-chief."

From the clear wording of the statute it appears that the action of the plaintiff against the administrator to establish her title cannot be maintained without permission of the surrogate. It is this claim which has been determined by the judgment here. The fact that the administrator included in his answer a counterclaim asking a declaration that he was the owner does not change the essential fact that he was the party sued and that a claim against him was adjudicated.

At the end of the plaintiff's case a motion was made to dismiss for lack of jurisdiction and at the end of the whole case the same motion was made.

We do not pass on the question whether failure to procure the statutory permission to sue or be sued is jurisdictional in the sense that a judgment rendered without objection in this case would have been a void judgment. The fact is that before a decision was rendered and during the progress of the trial, the court's attention was drawn to the legal defect in the status of the administrator's position before the court. The objection was substantial and the

trial justice was in duty bound to take notice of the violation of the statute and to declare a mistrial. The statute has a very distinct purpose: the protection of the creditors of an estate who may have a vital interest in the outcome of a controversy such as this.

The judgment should be reversed, without costs, and the amended complaint as against the administrator should be dismissed, without costs and without prejudice to an application to the surrogate for leave to sue the temporary administrator.

MARTIN, P. J., O'MALLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, without costs, and the amended complaint as against the administrator dismissed, without costs and without prejudice to an application to the surrogate for leave to sue the temporary administrator.