BETTY BROTHMAN, Plaintiff, v. JOSEPH BROTHMAN, Defendant.

Supreme Court, Special Term, Bronx County, January 12, 1944.

*Tenzer, Greenblatt, Fallon & Kaplan* for plaintiff.

*Shlivek & Brin* for defendant.

McGEEHAN, J. This motion for alimony *pendente lite* and for counsel fees presents an unusual problem for this court's disposition. It appears that this plaintiff had been married and divorced three times before she entered into the marriage

ceremony with this defendant in the city of New York on June 30, 1941. Prior to said ceremony, the plaintiff had been divorced from her second husband who secured the divorce from her in the State of New York upon the statutory grounds. Without having obtained permission from the court for remarriage, the wife, the plaintiff herein, went to the State of New Jersey where she contracted a third marriage with one James Pellegrino on February 2, 1937. Thereafter, the plaintiff herein secured a divorce in the State of New York upon the statutory grounds against her third husband. In that decree it was set forth that " it shall be lawful for the plaintiff to marry again ". Accordingly, on June 30, 1941, she entered into the above ceremony with the defendant herein. The plaintiff has now instituted an action for legal separation against the defendant. There are no children resulting from this marriage.

The defendant raises the legal question as to the validity of the plaintiff's alleged marriage to him by virtue of her disability to enter into a valid marriage in the State of New York without first obtaining permission from the court under the former decree of divorce obtained against her by her second husband. The plaintiff contends that New York State recognized the validity of her marriage to James Pellegrino notwithstanding the absence of said permission, and by its decree of divorce from said James Pellegrino specifically conferred on her the power to remarry in the State of New York. This set of unusual circumstances presents the legal question as to whether there is a valid marriage in existence upon which to predicate an order for alimony *pendente lite* and counsel fees.

Under the decree obtained by her second husband it specifically provided that it shall not " be lawful for the defendant to marry any person other than the plaintiff during the lifetime of the plaintiff except by permission of the Court ". The courts have uniformly held that marriages contracted in the State of New York in violation of this provision are void. However, marriages contracted in other States are recognized as valid notwithstanding this restriction. Such recognition is based on the principle of comity between the States. Hence, what would be a void marriage if contracted in New York, would be respected in New York if contracted in New Jersey. Therefore, the plaintiff's third marriage to one James Pellegrino received due recognition in the State of New York. Such recognition, however, did not *ipso facto* remove the disability of the said Betty Brothman to remarry in the State of New York without permission of the court. When she secured a subse-

quent decree of divorce in the State of New York from her third husband, she in no way secured an adjudication that affected the decree obtained by her second husband against her. The decree she obtained against her third husband merely decreed that there was no restriction as to her arising by virtue of that action, but it in no way modified, abrogated or rescinded the provisions of the prior decree against her. Hence, when the ceremony was entered into on June 30, 1941, with the defendant, there was in existence a decree that required permission from the court in order to enter into a valid marriage with the defendant in the State of New York. The absence of such permission made the ceremony ineffectual to consummate a valid marriage to the defendant. Certainly, there is no evidence to warrant a finding that the defendant herein in any way acted so as to be estopped from asserting the plaintiff's disability herein. He in no way participated in the original decree obtained by the plaintiff's second husband and his subsequent acts are not such to give substance and effect to a void marriage.

The motion for alimony *pendente lite* and counsel fees is accordingly denied upon the grounds that the plaintiff has not sufficiently established upon this application the validity of her alleged marriage to the defendant and the probability of prevailing in this action.