## In the Matter of the Estate of ANTHONY MICCIO, Deceased.

Surrogate's Court, New York County, January 4, 1949.

*M. John Miller* for Louise Miccio, petitioner.

*E. Butter* for Rose Miccio, cross petitioner.

*Abraham S. Robinson* and *B. M. Rapport* for Marie C. Miccio, respondent.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of New York County, respondent.

COLLINS, S. Two women, each claiming to be the lawful widow of decedent, seek by petition and cross petition respectively letters of administration upon his estate. A hearing was had as to their marital status with the decedent.

Petitioner bases her right to letters upon a certificate, in evidence, showing that she and the decedent were ceremonially married in the borough of Brooklyn, city and State of New York, on August 3, 1921. The validity of this marriage is challenged by the cross petitioner. The petitioner had been previously married and had been divorced in this State because of her adultery, as evidenced by a final judgment of divorce entered in the Supreme Court of the State of New York, County of Kings, on June 16, 1921. It was conceded that on the date of her entry into the marriage with the decedent her former husband was still alive. In her application for a license to marry

the decedent, the petitioner designated her purported marriage as her " First."

Under subdivision 1 of section 6 and section 8 of the Domestic Relations Law the marriage between the petitioner and the decedent is absolutely void. (*Merrick* v. *Merrick,* 266 N. Y. 120; *Sweinhart* v. *Bamberger,* 166 Misc. 256; *Matter of Fresegna,* 160 Misc. 817; *Hochman* v. *Hochman,* 68 N. Y. S. 2d 886; *Amsterdam* v. *Amsterdam,* 56 N. Y. S. 2d 19.) The defendant for whose adultery a judgment of divorce has been granted in this State may not marry again during the lifetime of the complainant, unless the court in which the judgment of divorce was rendered shall in that respect modify such judgment, such modification to be made upon satisfactory proof that three years have elapsed since the decree of divorce was rendered and that the conduct of the defendant since the dissolution of the marriage has been uniformly good. The petitioner here married the decedent within six weeks after the final decree of divorce was entered. No modification of that decree was possible.

The cross petitioner in this proceeding, Rose Miccio, ceremonially married the decedent in the State of New Jersey, on December 15, 1932. There has been shown no disability on her part or on the part of the decedent to enter into the marriage relationship. Accordingly this marriage must be held to be valid. She is therefore the lawful widow of the decedent and entitled to letters of administration upon his estate. The application of the petitioner for letters is denied.

Submit decree on notice granting letters of administration to the cross petitioner accordingly.