SIMON D'ARCANGELO, Plaintiff, v. CORA D'ARCANGELO, Defendant.

Supreme Court, Erie County, August 17, 1949.

*Sanford H. Schaffer* for plaintiff.

*Richard W. Caudell* for defendant.

ALONZO G. HINKLEY, Official Referee. The above-entitled action was by order of Honorable ROBERT E. NOONAN, Justice of the Supreme Court, duly referred to me to hear and determine.

Plaintiff brought this action for the annulment of his marriage to defendant.

The plaintiff is defendant's third husband. The former two divorced her for adultery, the first in 1919 and the second in 1937, and she married this plaintiff in October, 1948, and he already wants to be rid of her.

The defendant on August 15, 1915, married a man named Gustave Hauf. On November 21, 1919, Hauf obtained a divorce from this defendant in the State of New York upon the ground of her adultery and which judgment awarded to the plaintiff in that action custody of a child of that marriage. That judgment decreed that, " It shall be lawful for the said plaintiff to marry again in the same manner as though the defendant were actually dead, and it shall not be lawful for the said defendant to marry again until the said plaintiff is actually dead."

Prior to the enactment of chapter 266 of the Laws of 1915 the divorced person could not again marry in New York State until the person obtaining the decree was actually dead. The Legislature prior to the enactment of the statute of 1915 considered such a person unfit again to assume obligations which he had once disregarded. (*Cropsey* v. *Ogden,* 11 N. Y. 228, 236.)

At the time of the rendition of the first judgment of divorce against the defendant she could, after a lapse of three years, petition the court to obtain permission to remarry. (L. 1919, ch. 265, eff. May 3, 1919.) Careful search by counsel and

the undersigned has failed to disclose any proceeding to modify that judgment.

This defendant remained unmarried until on November 15, 1928, she went to the city of Northeast, Pennsylvania, and was there married to a man named William Zimmerman.

Had this defendant married Zimmerman in the State of New York without permission of the court, that marriage would have been void and defendant guilty of bigamy. (Matter of *Erlanger*, 145 Misc. 1.)

Defendant's marriage in Pennsylvania was valid in that State, even though defendant had been prohibited in this State from again marrying during the lifetime of her husband. (*Thorp* v. *Thorp*, 90 N. Y. 602.)

Defendant's marriage in Pennsylvania being valid in that State, it is valid in New York State (*Fisher* v. *Fisher*, 250 N. Y. 313, 318, citing *Moore* v. *Hegeman*, 92 N. Y. 521). In other words, New York State considered the defendant unfit again to assume obligations she once disregarded (*Cropsey* v. *Ogden, supra*). Still, if Pennsylvania considered her fit again to assume obligations which she had once disregarded, New York State would recognize her as fit to remarry.

Defendant's second husband, William Zimmerman, on May 3, 1937, obtained an interlocutory judgment of divorce against defendant upon the ground of her adultery. This judgment became final three months later. This interlocutory judgment contained no provision permitting the plaintiff to remarry nor any provision forbidding the defendant to remarry. Section 8 of the Domestic Relations Law, however, was in effect at that time, which statute forbade such defendant from remarrying, and it is doubtful if there was any necessity to include such prohibition against remarriage in the judgment of divorce, although there is a serious question whether reference to a statute must not be embodied in the decree in order to make the statute effective.

Defendant did take advantage of the further provision of that statute, and on August 31, 1948, the following order of the Supreme Court was entered: " Ordered, that the defendant be and she hereby is permitted to remarry and that this order be filed by the County Clerk of Erie County with the papers and proceedings in the above entitled action."

The order was entitled in the action of William Zimmerman against this defendant, then Cora Zimmerman, but made no reference to the judgment of divorce, nor did it modify that

judgment. The papers upon which that order was granted consisted of an affidavit of the defendant and her attorney that since the rendition of the last judgment, a period of over eleven years (being more than the required three years), the defendant had conducted herself with propriety.

The sole question here involved is, after living a life of virtue for over eleven years, and having been permitted by court order to remarry, whether the original prohibition against remarriage, in the first judgment of divorce rendered nearly thirty years ago, is still in force. If so, then this plaintiff is entitled to an annulment of his marriage to defendant, and if the prohibition against remarriage in the first decree of divorce was merged or became ineffective in and by the permission later given by the court eleven years after the second divorce, then this plaintiff is not entitled to an annulment.

The determination of that question cannot rest upon a strict adherence to the view that the original judgment of divorce could only be modified by a proceeding in that action and that the defendant before she married this plaintiff was required to await the death of husband No. 1. On the other hand, after the first decree of divorce defendant had been lawfully married to husband No. 2, and nearly thirty years after the entry of the first judgment and upon proof that for eleven years after her second marriage she was presumed to be fit to remarry and the court so decreed, it cannot be determined that her last marriage was null and void because of the thirty-year-old decree.

The former legalistic reasoning seems to make the whole picture ridiculous, and common sense and logic dictate that once the court has been convinced that she was fit to remarry and so decreed, then her subsequent marriage to this plaintiff is valid.

This case was tried upon the theory that the defendant had been guilty of fraud toward this plaintiff in inducing him to marry her upon the false statement that she had a right to remarry. In the light of this decision she was entitled to remarry. " The rules of law require a reasonable degree of certainty as to each requisite necessary to constitute the cause of action, viz.: representations, falsity, *scienter,* deception and injury." (*Arthur* v. *Griswold,* 55 N. Y. 400, 410; *Urtz* v. *New York Central & H. R. R. R. Co.,* 202 N. Y. 170, 173; *Ochs* v. *Woods,* 221 N. Y. 335, 338; *Reno* v. *Bull,* 226 N. Y. 546, 550.)

It cannot be claimed that plaintff has established in this action all those essential elements of fraud. Undoubtedly this defend-

ant paid an attorney to procure the court's consent for her third marriage and *scienter* particularly is entirely lacking. The question in this case seems to be one of first impression. There are two cases somewhat similar but which are readily distinguished. (*Merrick* v. *Merrick*, 266 N. Y. 120; *Beaudoin* v. *Beaudoin*, 270 App. Div. 631.)

Judgment may be entered dismissing plaintiff's complaint.