In the Matter of the Estate of NICHOLAS D'ALESSIO, Deceased.

Surrogate's Court, Bronx County, November 15, 1949.

*Vincent N. Donatone* for Violet De Marino, petitioner.

*David S. Elgot* for Dorothy D'Alessio, respondent.

HENDERSON, S. This is an application for letters of administration made by the daughter of the decedent.

The respondent, claiming to be the decedent's widow, objects to the issuance of letters to the petitioner. She objects to the jurisdiction of the court to issue letters herein on the ground that the decedent died leaving no personal property to be administered, and that the only issue to be determined in this estate relates to the ownership of certain improved realty situated in the county of Bronx in the names of the decedent and respondent as husband and wife.

The status of the respondent is disputed by the petitioner.

The objection of the respondent to the jurisdiction of the court is overruled (Decedent Estate Law, § 123). Furthermore, the respondent has no right to question the petitioner's application for administration. She is not the decedent's widow.

It appears that the decedent herein had been married to the petitioner's mother who had obtained a judgment of divorce from him in the State of New York upon the ground of adultery. Thereafter the decedent married this respondent in the county of Bronx during the lifetime of the petitioner's mother without a modification of the judgment of divorce. This subsequent marriage is invalid (Domestic Relations Law, §§ 6, 8; *Merrick* v. *Merrick*, 266 N. Y. 120). The intervening marriage of the decedent in the State of New Jersey to one Elsie Eifert who died prior to the decedent's third marriage, does not remove decedent's disability to remarry in the State of New York without permission of the court (*Brothman* v. *Brothman*, 182 Misc. 400).

**Settle decree.**