REGINA JOHNSON, Plaintiff, *v.* ATLAS L. JOHNSON, Defendant.

Supreme Court, Special Term, Kings County, May 5, 1950.

*John J. Barry* for plaintiff.
*Benjamin Feldman* for Mary Johnson, movant.

HART, J. This is a motion for an order to make an interlocutory decree of divorce filed November 24, 1944, a final judgment *nunc pro tunc* as of March 1, 1945, or in the alternative, to amend a final judgment entered March 7, 1946, so as to make it a final judgment *nunc pro tunc* as of March 1, 1945.

Plaintiff and defendant were married in 1917. One son, now thirty-one years of age, was born of this union. During February, 1944, plaintiff instituted an action for divorce and on November 24th of that year filed an interlocutory judgment which required the filing of a final judgment three months thereafter. Before the granting or entry of such final judgment, movant married defendant in Connecticut on March 5, 1945. On March 7, 1946, a final judgment of divorce was entered on the application of plaintiff's then attorney, who stated in his supporting affidavit that since the entry of the interlocutory judgment no order in this action had been filed in any way affecting the said judgment and who admitted that '' The delay in making this application for final judgment is entirely due to my fault.''

On March 2, 1949, defendant died as a result of injuries sustained in an employment apparently within the purview of the Longshoreman's and Harbor Worker's Compensation Act. Movant has pending under such act a claim which is opposed on the ground that she is not the lawful and legal widow of defendant. The instant motion was then made and is now opposed by plaintiff through substituted attorneys. Plaintiff's affidavits in opposition do not show in any way how any interest of hers whatsoever would be damaged in the slightest degree by granting this motion. Numerous technical grounds nevertheless are interposed in opposition.

Plaintiff urges that movant not being a party to this action has no right to make this application. It has been decided, however, that the court has inherent power in the exercise of its control over its judgments to open them upon the application of anyone for sufficient reason in the furtherance of justice. Its power to do so is not dependent upon any statute (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332). If it appears that substantial justice will be subserved and injustice to persons prevented, the court will set aside, correct or modify its judgment, even though those persons be not parties to the proceeding but whose rights would otherwise be injuriously affected by the judgment. (*Matter of Automatic Chain Co.*, 134 App. Div. 863, 866, affd. 198 N. Y. 618; *Manahan* v. *Petroleum Producing & Refining Co.*,

198 App. Div. 192; *Matter of Bancroft,* 195 Misc. 208.) A fortiori, a court having such inherent power to vitiate a judgment whose sole vice is detrimental to one not a party to the action, surely has the capacity, on the application of one injured, to make what is little more than a mere emendation, particularly where the rights of the parties of record are not impaired or prejudiced in any conceivable degree.

An examination of the record on appeal in *Merrick v. Merrick* (266 N. Y. 120) confirms, in my opinion, movant's right under the facts hereof to bring the present application. In that case, the plaintiff husband obtained in 1920 a decree of divorce against his wife, Elizabeth Merrick. Pursuant to the terms of the decree she was forbidden during his lifetime to remarry. However, power resided in the court, after the lapse of three years from the rendition of the decree, to modify the judgment by nullifying the restriction upon proof of the defendant's ad interim good conduct. In 1925, without her procuring the requisite modification of the decree, the defendant married one Bartlett. Some time later, the latter instituted an action to annul his marriage to the said defendant upon the ground that it was void by reason of the decree forbidding her remarriage. During the pendency of the annulment action, the defendant moved in May, 1933, in the divorce action, for an order modifying the decree of divorce *nunc pro tunc* as of November 16, 1925, so as to permit her marriage with the said Bartlett. Her motion was granted. From the order which was thereupon entered in that action, Bartlett appealed. Upon appeal, the respondent specifically urged that Bartlett, not being a party to the divorce action, was in consequence without standing to question the propriety of the ruling of the court below. In spite of the fact that Bartlett was a stranger to the record, nevertheless the Court of Appeals implicitly recognized his right to intervene when it reversed the determination below. (See, also, *Jackman v. Jackman,* 258 App. Div. 838, motion for leave to appeal denied 282 N. Y. 808.)

It is further urged in opposition to the present motion that the court is without power to grant an order directing the entry of final judgment *nunc pro tunc.* In *Merrick v. Merrick* (*supra,* p. 122) it was stated: " When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination."

The Court of Appeals has reiterated its view on the matter in *Mohrmann* v. *Kob* (291 N. Y. 181, 186).

Within the purview of the foregoing principle, it is my view that the present is a proper application for the favorable exercise of the court's discretion.

The function of the final judgment in this case was to evidence the determination made that unless the court shall have otherwise ordered in the meantime, there shall be entered three months after the interlocutory judgment a final judgment dissolving the marriage. In the instant case, a ruling in fact had been made but, until the entry of final judgment, such ruling was not evidenced by any mandate.

The statutory requirement postponing the entry of final judgment for three months after the interlocutory judgment is intended to leave the granting of the final judgment for such period under the consideration and within the power of the court and thus to prevent the scandal of fraudulent and collusive judgments and of speedy and prearranged marriages (*Matter of Crandall,* 196 N. Y. 127). The granting of final judgments, before the enactment of chapter 203 of the Laws of 1946, was merely a matter of routine in practically every case (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 238). Chapter 203 of the Laws of 1946, effective September 1, 1946, amended section 1176 of the Civil Practice Act, and provided that three months after the entry of the interlocutory judgment such judgment shall become the final judgment as of course, unless for sufficient cause the court *in the meantime* shall have otherwise ordered. This amendment is remedial in its nature and was designed to obviate the objectionable procedural consequences which might have affected the substantive rights of the parties. It is the final legislative expression of public policy on this matter.

In *Rizzoro* v. *Rizzoro* (23 N. Y. S. 2d 826, affd. 260 App. Div. 881 motion for leave to appeal denied 260 App. Div. 1019) plaintiff was successful in a divorce action. An interlocutory judgment was entered on October 4, 1923. No final judgment had been entered when, on January 19, 1924, defendant married her second husband who died intestate in 1931. Defendant was appointed administratrix of his estate. In 1939 intestate's daughter by a prior marriage moved for an order revoking the letters of administration on the ground that the administratrix was not the lawful wife of the decedent. A motion was then made in the Supreme Court in the divorce action to enter

a final judgment *nunc pro tunc* as of January 5, 1924. This motion was granted. The intestate's daughter then moved to intervene in the divorce action and to set aside the *nunc pro tunc* final judgment entered therein. This motion was denied, the court saying (p. 827): " The *nunc pro tunc* order heretofore made merely supplied an oversight and did not do anything of substance in the proceeding heretofore taken. The case therefore comes within the exception stated in *Merrick* v. *Merrick* [*supra*]."

Movant by this motion does not seek to set aside or modify a judgment, as was permitted in *Merrick* v. *Merrick* (*supra*) and attempted in *Jackman* v. *Jackman* (*supra*). She merely asks that the judgment, entered March 7, 1946, on the application of plaintiff's attorney excusing his delay because of his inadvertence, be entered as of March 1, 1945, when, if plaintiff's attorney had been diligent, it could have been entered. Plaintiff in her affidavit does not show that any prejudice to her or hers will result. Clearly the equities favor movant. The interests of substantial justice are served by the exercise of the court's discretion in granting this motion.

The application to amend the date of entry of the final judgment entered on March 7, 1946, is granted so that the entry shall be *nunc pro tunc* as of March 1, 1945.