Plaintiff wife obtained an interlocutory decree of divorce on November 24, 1944, in Kings County, which decree provided that, unless the court shall otherwise order in the meantime, a final judgment dissolving the marriage shall be entered three months after the entry of the interlocutory judgment. Before the entry of the final decree, defendant husband married respondent on March' 5, 1945, in Connecticut. A final judgment was entered in the divorce action on March 7,1946, on plaintiff’s application. Defendant and respondent lived together from the time of their marriage until March 2, 1949, when defendant died as the result of an accident in the course of his employment. When respondent was advised that she would not be entitled to compensation because her marriage to defendant on March 5,1945, was void, having been contracted before the entry of the final judgment on March 7, 1946, she moved in the divorce action to have the final judgment entered March 7, 1946, made nunc pro tunc as of March 1, 1945. The motion was granted. Plaintiff appeals on the ground that, as respondent was not a party to the divorce action, she had no standing to make a motion therein, and on the further ground that the court had no power to enter the final judgment nunc pro tunc. Order affirmed, with $10 costs and disbursements. (Merrick v. Merrick, 266 N. Y. 120; Rizzoro v. Rizzoro, 260 App. Div. 881; Jackman v. Jackman, 258 App. Div. 838, motion for leave to appeal denied, 282 N. Y. 808.) Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [198 Misc. 691.] [See 278 App. Div. 655.]