Per Curiam.
This is an action for the annulment of plaintiff’s marriage to the defendant. No question of fact is involved. The OEcial Referee has determined that upon the facts shown, the plaintiff’s complaint must be dismissed. The conceded facts are as follows:
Prior to August 15, 1919, defendant married one Gustave Kauf in the State of New York. On August 15, 1919, an interlocutory judgment of divorce was entered in the Erie County Clerk’s office in favor of Gustave Kauf and against this defendant and on November 21, 1919, a final judgment was entered therein by which it was adjudged that the defendant was not permitted to marry again during the lifetime of Gustave Kauf.
On November 21, 1928, defendant married one William Zimmerman in the State of Pennsylvania without modification of the former divorce decree in the Kauf action. On May 3, 1937, Zimmerman obtained an interlocutory decree of divorce from the defendant on the ground of her adultery, in Erie County, which became final three months thereafter. By her petition, in the form of an aEdavit entitled in the Zimmerman action and verified August 31,1948, defendant applied “ for a modification of the said judgment and order of this court so as to permit her marriage in the state of New York.” In the moving papers no mention is made of the decree in the Kauf action. The court at Special Term made an order, also entitled in the Zimmerman action “ that the defendant be "and she hereby is permitted to remarry and that this order be filed by the County Clerk of *646 Erie County with the papers and proceedings of the above entitled action ”, which order was entered August 31, 1948. On October 16, 1948, defendant married the plaintiff in this action. Her first husband, Kauf, was alive at the time of this, her third, marriage. In May, 1949, plaintiff brought this action to have the marriage between plaintiff and defendant declared void. Defendant answered and the action was referred to an Official Eeferee to hear and determine.
The Eeferee found that plaintiff was not entitled to a decree adjudging the third marriage to be void for the reason that “ after the first decree of divorce defendant had been lawfully married to husband No. 2, and nearly thirty years after the entry of the first judgment and upon proof that for eleven years after her second marriage she was presumed to be fit to remarry and the court so decreed, it cannot be determined that her last marriage was null and void because of the thirty-year-old decree ”. (197 Misc. 46, 48.)
With this conclusion we cannot agree. So much of section 6 of the Domestic Eelations Law as is applicable to the facts of this case provides that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless “ Such former marriage has been annulled or has been dissolved for a cause other than the adultery of such person;” and then provides that if the person guilty of adultery obtains the consent set forth in section 8, such person may remarry. The latter section permits the guilty party to remarry if “ the court in which the judgment of divorce was rendered shall in that respect modify such judgment ”.
Prior to the enactment of the predecessor statute of section 8, a person divorced for his adultery could not remarry in this State. (Cropsey v. Ogden, 11 N. Y. 228.) While as a matter of comity we recognize a marriage contracted in another State (if valid there) of a person divorced in this State on the ground of his or her adultery, section 8 does not permit a remarriage of such person in the State of New York during the lifetime of the complainant except on “ modification ” by the court.
The modification of the Zimmerman decree had no effect on the Kauf decree as that decree was not before the court, and on this record it does not appear that the court had any knowledge of the Kauf decree. Here we have no modification of the first decree and the prohibition of the statute is still in full force and effect.
*647 While we find no cases directly in point we think the reasoning of the courts in Brothman v. Brothman (182 Misc. 400) and Matter of D’Alessio (196 Misc. 759) should be followed under the circumstances of this case. We recognize that such a strict construction of the statute may appear harsh to this defendant, but if the public policy of this State is to be further relaxed, the remedy rests with the Legislature and not with the courts.
The judgment should be reversed on the law and a judgment of annulment directed in favor of plaintiff, without costs of this appeal to either party.
All concur. Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.
Judgment reversed on the law and judgment of annulment directed in favor of plaintiff, without costs of this appeal to either party. The findings of fact have been examined ana affirmed.