John D, Bennett, S.
Without obtaining leave of this court as required in section 127 of the Surrogate’s Court Act, an action was commenced by the petitioner in the Supreme Court to foreclose a mortgage.
The petitioner now seeks the required leave to “ commence, maintain and/or continue an action” against the temporary administrators.
*259 In the case of Homola v. Chase Nat. Bank (257 App. Div. 643, motion for reargument denied 258 App. Div. 865) permission to sue temporary administrators had not been obtained from the Surrogate. The court held that such failure was substantial and that the Trial Justice, upon being apprised of such fact, was required to declare a mistrial. The court enunciated clearly the theory of the statute’s requirement that leave to sue a temporary administrator be first obtained from the Surrogate: “The statute has a very distinct purpose: the protection of the creditors of an estate who may have a vital interest in the outcome of a controversy such as this.” (Homola v. Chase Nat. Bank, supra, p. 645; see, also, Matter of Herle, 165 Misc. 46, 52; Barton v. Barbour, 104 U. S. 126, 128; Matter of New York Municipal Ry. Corp. v. Holliday, 189 App. Div. 814, 819.)
It is obvious that considerable doubt exists whether leave to sue temporary administrators may be granted nunc pro tunc. The purpose of an order nunc pro tunc is primarily to correct irregularities in the entry of judicial mandates or like procedural errors (Mohrmann v. Kob, 291 N. Y. 181): “ ‘ When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination. ’ (Merrick v. Merrick, supra, p. 122 [266 N. Y. 120].) However, an order nunc pro tuncmay not serve to record a fact, such as a divorce, as of a prior date when the fact did not then exist. ‘ A court has no power to have a new order or ruling so entered, thus bringing into the record an element which did not previously exist. The facts must exist, and then if the record of them is imperfect or incomplete, it may be amended; but if the record shows the actual facts then no order can be properly made changing them so as to take the place of an act that was required to be previously performed. While a court may record an existing fact nunc pro tunc, it cannot record a fact as of a prior date when it did not then exist. ’ ’ ’
The court denies as much of petitioner’s application as seeks leave to “continue” an action already commenced against the temporary administrators. Petitioner is granted leave to commence an action against such temporary administrators in the exercise of the court’s discretion.
Settle order on five days’notice.