■ THERESE COMMRADE, Appellant, v. FRANK COMMRADE, JR., as Administrator of the Estate of FRANK COMMRADE, Deceased, Respondent.— In an action for separation, the plaintiff wife appeals from (1) a judgment of the Supreme Court, Queens County, dated February 25, 1966, which dismissed her complaint on the merits after trial, and (2) an order of said court dated May 2, 1966, which denied her motion to vacate the decision dated February 25, 1966 and said judgment and for other relief. Order affirmed, without costs. On the court's own motion, judgment and said decision are modified, on the law and in the exercise of discretion, so as to amend the date thereof to February 1, 1966, *nunc pro tunc.* Judgment affirmed as so modified, without costs. The findings of fact are affirmed, except that finding of fact number 10 in said decision, which states: "That the plaintiff abandoned the defendant without justification", is reversed, as there was no counterclaim and this finding went beyond the scope of the prior memorandum decision dated February 1, 1966. The trial was concluded on October 18, 1965 and the parties stipulated to extend the Trial Judge's time to render a decision. The memorandum decision, dated February 1, 1966, reads as follows: " In this case, tried before the court without a jury, plaintiff ·seeks a judicial

separation predicated upon cruel and inhuman treatment and non-support. The parties to this action were married in this State on May 19, 1962. There are no issue of said marriage. Upon listening to all the evidence adduced at the trial of this action, the court finds that plaintiff herein has failed to establish those elements necessary to sustain the burden of proving the allegations as set forth in her complaint. The complaint is, accordingly, dismissed. Submit findings, conclusions and judgment." On February 10, 1966 plaintiff's attorney was served with defendant husband's proposed decision (findings of fact and conclusions of law) and judgment. The husband died on February 13, 1966 and the formal decison and the judgment were signed on February 25, 1966. CPLR 5016 (subd. [d]) provides: "No verdict or decision shall be rendered against a deceased party, but if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise pursuant to rule 3221, judgment shall be entered in the names of the original parties unless the verdict, decision or offer is set aside." In our opinion, the judgment may be sustained on two theories: (1) The memorandum decision was a sufficient decision within the purview of CPLR 5016 (subd. [d]); (cf. *Metropolitan Life Ins. Co.* v. *Union Trust Co. of Rochester,* 294 N. Y. 254); and (2) the formal decision and judgment may be dated *nunc pro tunc* as of February 1, 1966, because the receipt and signing of formal findings constituted a mere formality or ministerial act (cf. *Cornell* v. *Cornell,* 7 N Y 2d 164; *Lynch* v. *Lynch,* 16 A D 2d 157, affd. 13 N Y 2d 615). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.