Frederic E. Hammer, J.
On December 5, 1972 a hearing was held in this matter. The defendant had filed a notice of appearance but did not contest the divorce. At the conclusion of the hearing, the plaintiff’s attorney was directed to “ submit your papers, and settle on notice to the other side.”
The court was informed that on December 29, 1972 the plaintiff was killed in an airplane crash. Plaintiff’s attorney contends that the direction of the court to submit papers was a favorable determination and submits for signature the findings of fact, conclusions of law, and judgment of divorce.
This memorandum sets forth legal grounds why these papers cannot be signed. CPLR 4213 provides that the decision of the court may be either oral or in writing and shall state the facts that the court deems essential. The direction on the record to submit papers cannot be construed as the equivalent of an oral or written decision granting a divorce. A statement of facts on the record is essential. Absent thereof, same renders such a decision fatally defective. (See Fuller v. Galeota, 268 App. Div. 949.)
This is not the instance in which a judgment is granted and thereafter a ministerial act remains in order that a judgment be entered. Here, no decision on the record was made by the court. Accordingly, the provision of subdivision (a) of CPLR 5016 is inapplicable. Since no decision was made on the record, the court must apply the well-settled rule that the action for divorce abates at the death of either party. (Cornell v. Cornell, 7 N Y 2d 164.)