Bernard F. McCaffrey, J.
This motion presents the following question: When in fact do the parties to a matrimonial action, where a divorce has been granted in open court, cease to actually be husband and wife — at the time of pronouncement or decision by the presiding Justice, or when the judgment has been signed and entered?
The petitioner, Erica Jayson, administratrix of the estate of Robert S. Jayson and mother of his surviving children, brings this motion on behalf of said children seeking an order, pursuant to CPLR 50Í6 (subd [d]), entering a judgment of divorce nunc pro tunc as of May 23, 1974.
In this matrimonial action the court, upon the decedent’s withdrawal of his answer, granted an uncontested divorce to the respondent, Hazel Wooldridge Jayson. Though directed to do so, neither party has submitted the proposed findings of fact or decree of divorce. It appeárs from the moving papers that in the interim the defendant husband had committed suicide. The petitioner herein, the first wife and administratrix of the decedent’s estate, now moves on behalf of the surviving children to have the judgment of divorce between *418 the respondent, the second wife, and decedent entered nunc pro tunc. It is the petitioner’s contention that the respondent, second wife, should not be able to claim social security benefits, when in fact petitioner alleges she is not the surviving wife, and to do so would result in an inequitable diminution of the benefits currently received by the surviving children of the first marriage.
Generally, where the court has granted a divorce, the receipt and signing of judgment and findings constitutes a mere formality or ministerial act, and the court may in its discretion remedy any harm caused by this relatively immaterial failure by the entering of a judgment nunc pro tunc. (Lynch v Lynch, 16 AD2d 157, affd 13 NY2d 615; Commrade v Commrade, 29 AD2d 870.)
In Merrick v Merrick (266 NY 120, 122) the Court of Appeals stated: "When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination.” This doctrine was further expounded in Cornell v Cornell (7 NY2d 164, 169) wherein the court stated: "The rule is, of course, that a suit for divorce abates at the death of either party, because the marriage relation sought to be dissolved no longer exists, and a judgment cannot be entered nunc pro tunc unless the complainant was entitled to have had such judgment entered. while both parties were living.” The court therein further adopted the rule that if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequent to the rendition thereof, but before the decree was in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party.
The courts, however, have placed a restriction upon the entry of judgments nunc pro tunc: "An order nunc pro tunc may not serve to record a fact, such as a divorce, as of a prior date, when the fact did not then exist.” (Mohrmann v Kob, 291 NY 181, 186.)
Thus, the court finds that the relationship of husband and *419 wife continues to exist until the decree is signed and entered. The underlying reasoning for this determination is that any number of intervening factors or events could arise between the court’s decision granting the divorce and the actual signing and entering of the judgment finalizing the action which might make the pronouncement ineffective or even moot. Included amongst these possible intervening circumstances could be the parties’ reconciliation, or the possibility that the party seeking the divorce for some reason no longer wishes to pursue the action, or even the possibility that the Justice presiding, for some valid reason, could readily withdraw his determination. Therefore, the court concludes that during the lapsed time from the court’s decision until the judgment is actually signed and entered the parties remain husband and wife. Thus, the relief sought herein, i.e., a judgment nunc pro tunc, seeking to establish a fact or record of a prior date, which did not exist, must be denied. (Also see Longworth v Great Amer. Ins. Co., 80 Misc 2d 114; Stanford v Union Labor Life Ins. Co., 74 Misc 2d 781; Casadona v Casadona, 72 Misc 2d 984.)
Concerning entry of a divorce judgment nunc pro tunc, the court has placed an additional restriction: "a nunc pro tunc order of this nature would not be granted in situations where vested rights are impaired” (Cornell v Cornell, 7 NY2d 164, 171, supra).
The fact which occasioned the institution of this motion was respondent’s application to obtain social security payments from the Federal Government based upon her husband’s death. As mentioned earlier, the petitioner is desirous of preventing the wife from receiving these moneys as they would serve to diminish the benefits received by the surviving children of the decedent’s first marriage.
Under the Federal Public Health and Welfare Law — chapter 7 of title 42, entitled Social Security, section 402 (subd [e], par [1]) provides in part as follows: "The widow (as defined in section 416(c) of this title) * * * of an individual who died a fully insured individual, if such widow * * * (A) is not married * * * shall be entitled to a widow’s insurance benefit”.
Subdivision (c) of section 416 provides in part as follows: "the term 'widow’ * * * means the surviving wife of an individual, but only if * * * (5) she was married to him for a period of not less than nine months immediately prior to the day on which he died”.
*420 Without passing upon the merits of the respondent’s claim for social security, it appears that for purposes of this motion she might have a meritorious claim to receive benefits. As a result, the court determines that the respondent possesses vested rights in such-benefits.
The court, therefore, must deny the application for a divorce judgment nunc pro tunc, as the relief sought would serve to impair the rights which the respondent may have as widow of the deceased, Robert S. Jayson. (Cornell v Cornell, supra.)
The respondent, through her attorney, has also urged the denial of the motion contending the first wife, Erica Jayson, who as administratrix of the estate of Robert S. Jayson, the movant for the entering of a divorce judgment nunc pro tunc, is not a proper person to institute the instant application. The court finds that respondent’s argument has merit.
In the case of Johnson v Johnson (198 Misc 691, 692, affd. 277 App Div 1143) the court stated: "Plaintiff urges that movant not being a party to this action has no right to make this application. It has been decided, however, that the court has inherent power in the exercise of its control over its judgments to open them upon the application of anyone for sufficient reason * * * If it appears that substantial justice will be subserved and injustice to persons prevented, the court will set aside, correct or modify its judgment, even though those persons be not parties to the proceeding but whose rights would otherwise be injuriously affected by the judgment. (Matter of Automatic Chain Co., 134 App Div 863, 866, affd 198 NY 618; Manahan v Petroleum Producing & Refining Co., 198 App Div 192; Matter of Bancroft, 195 Misc 208.) A fortiori, a court having such inherent power to vitiate a judgment whose sole vice is detrimental to one not a party to the action, surely has the capacity, on the application of one injured, to make what is little more than a emendation, particularly where the rights of the parties of record are not impaired or prejudiced in any conceivable degree.”
Although in Johnson v Johnson (supra) the court granted the application to enter a divorce judgment nunc pro tunc, there apparently did not exist any contingent detrimental effect on the rights of the parties in the divorce proceeding. However, in the facts submitted to this court, as previously discussed, the stated intent of this application is to prevent the second wife, Hazel Wooldridge Jayson, from receiving *421 social security benefits as the widow of Robert S. Jayson. This court feels that the inclusion of the words — "particularly where the rights of the parties of record are not impaired or prejudiced in any conceivable degree” (Johnson v Johnson, supra), has placed a qualification on the court’s exercise of its discretionary power. This limitation is consistent with the qualification in Cornell v Cornell (supra), in that the court will not grant the application if it might deprive any of the parties to the action of their lawful interests, benefits or rights.
Accordingly, based on the above determinations, this motion is denied.